UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

SARAH BROWN, an individual, and
STEPHANIE BERGMANN, an individual.

    Plaintiffs,

v.

PORKY'S CABARET INC., d/b/a BELLAS
CABARET, a Florida Corporation,
TUNDIDOR, INC. d/b/a EROTICA
CABARET, a Florida Corporation, JAMES
TUNDIDOR JR., an Individual, GEORGINA
TUNDIDOR, an individual and DULCE
TUNDIDOR, an Individual.

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiffs, STEPHANIE BERGMANN, and SARAH BROWN by and through the undersigned counsel, (hereinafter as "Plaintiffs"), hereby bring this action against the Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, a Florida Corporation, TUNDIDOR, INC. d/b/a EROTICA CABARET, a Florida Corporation, JAMES TUNDIDOR JR., DULCE TUNDIDOR, and GEORGINA TUNDIDOR, individually, (hereinafter collectively referred to as "Defendants"), for willful violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter referred to as the "FLSA") and for willful violations of Article X, Section 24 of the Florida Constitution and implementing legislation at Florida Statutes § 448.110 (hereinafter referred

1

to as the "Florida Minimum Wage Act"). Plaintiffs seek unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorney's fee and costs from Defendants.

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* and Article X, Section 24 of the Florida Constitution and implementing legislation at the Florida Minimum Wage Act, Florida Statutes § 448.110. The Court has jurisdiction over this claim per the dictates of the FLSA and the Florida Minimum Wage Act. The Court has ancillary jurisdiction over the state law claims as they arise under the same facts and circumstances upon which this Court has original jurisdiction

## VENUE

2. Venue is proper in the United States District Court in and for Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida and because violations of both State and Federal Law have been alleged.

3. Defendant, PORKY'S CABARET INC., d/b/a BELLAS CABARET, is a self-proclaimed "Adult Entertainment Venue," and a Florida corporation whose primary place of business is in Hialeah, Miami-Dade County, Florida and who transacts business in Miami-Dade County, Florida.

4. Defendant, TUNDIDOR, INC. d/b/a EROTICA CABARET, is a self-proclaimed "Adult Entertainment Venue," and a Florida corporation whose primary place

2

of business is in Hialeah, Miami-Dade County, Florida and who transacts business in Miami-Dade County, Florida.

5. Defendant, JAMES TUNDIDOR JR. is an individual and resident of Miami-Dade County, Florida. JAMES TUNDIDOR JR. is also the Vice President of PORKY'S CABARET INC., d/b/a BELLAS CABARET and the President of TUNDIDOR INC., d/b/a EROTICA CABARET.

6. Defendant, DULCE TUNDIDOR, is an individual and resident of Miami-Dade County, Florida. DULCE TUNDIDOR is also the President of PORKY'S CABARET INC., d/b/a BELLAS CABARET.

7. Defendant, GEORGINA TUNDIDOR, is an individual and resident of Miami-Dade County, Florida. GEORGINA TUNDIDOR is also the Vice President of TUNIDOR INC., d/b/a EROTICA CABARET.

8. The willful, numerous, violations of State and Federal Law alleged herein, occurred in Hialeah, Miami-Dade County, Florida, venue therefore, properly lies in this Court.

## **PARTIES**

9. Plaintiff, STEPHANIE BERGMANN, is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendants before September of 2014 and worked for all named Defendants until approximately August of 2017.

10. Plaintiff, SARAH BROWN, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendants PORKY'S

3

CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR. and DULCE TUNDIDOR before September 2014 and worked for Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR until approximately June of 2017.

11. At all times material, Plaintiffs were employees of said Defendants within the meaning of the FLSA and the Florida Minimum Wage Act.

12. Defendant, PORKY'S CABARET INC., d/b/a BELLAS CABARET, is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiffs' employment, Defendant was an employer as defined by 29 U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

13. Defendant, TUNDIDOR, INC. d/b/a EROTICA CABARET, is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

14. Defendant, JAMES TUNDIDOR JR., is an individual, and at all times during Plaintiffs' employment, Defendant was a 'person' and 'employer' as defined by 29 U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

15. Defendant, DULCE TUNDIDOR, is an individual, and at all times during Plaintiffs' employment, Defendant was a 'person' and 'employer' as defined by 29 U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

16. Defendant, GEORGINA TUNDIDOR, is an individual, and at all times during Plaintiff's employment, Defendant was a 'person' and 'employer' as defined by 29

U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

17. Plaintiffs were employees of said Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

18. Throughout Plaintiffs employment with said Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

19. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiffs and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

20. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201- 209, in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

21. Plaintiffs regularly worked in excess of Forty (40) hours in one or more work week during Plaintiffs' employment with Defendants.

22. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiffs, nor did they pay the minimum wage.

23. The records, to the extent that any exist now, or have ever existed, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

## COUNT I
## STEFANIE BERGMANN'S FEDERAL MINIMUM WAGE CLAIM AGAINST ALL NAMED DEFENDANTS

24. Plaintiff, STEFANIE BERGMANN, realleges and incorporates herein the allegations contained in paragraphs 1-23.

25. Plaintiff, STEFANIE BERGMANN, is entitled to be paid at a rate of at least the minimum wage for each hour worked in each work week.

26. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff, STEFANIE BERGMANN, at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

27. As a result of the intentional, willful and unlawful acts of Defendants, Plaintiff, STEFANIE BERGMANN, has suffered damages plus incurring costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, STEFANIE BERGMANN, demands judgment against the Defendants, jointly and severally, for the following:

   a. Unpaid minimum wages found to be due and owing;

   b. An additional amount equal to the minimum wages found to be due and owing as liquidated damages;

   c. Prejudgment interest in the event liquidated damages are not awarded;

    d.      A reasonable attorney's fee and costs; and

    e.      Such other relief as the Court deems just and equitable.

## COUNT II
### STEFANIE BERGMANN'S RECOVERY OF OVERTIME COMPENSATION AGAINST ALL NAMED DEFENDANTS

28.    Plaintiff, STEFANIE BERGMANN, re-alleges and incorporates herein the allegations contained in paragraphs 1-23.

29.    Plaintiff, STEFANIE BERGMANN, is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

30.    By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff, STEFANIE BERGMANN, has suffered damages plus incurring costs and reasonable attorney's fees.

31.    As a result of Defendants' willful violations of the Act, Plaintiff, STEFANIE BERGMANN, is entitled to liquidated damages.

32.    Plaintiff, STEFANIE BERGMANN, has retained the undersigned counsel to represent her in this action and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, STEFANIE BERGMANN, demands judgment against the Defendants, jointly and severally, for the following:

    a.      Unpaid overtime wages found to be due and owing;

    b.    An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    c.    A reasonable attorney's fee and costs; and

    d.    Such other relief as the Court deems just and equitable.

## COUNT III
### VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT RE: STEFANIE BERGMANN AGAINST ALL NAMED DEFENDANTS

33. Plaintiff, STEFANIE BERGMANN, re-alleges and incorporates herein the allegations contained in paragraphs 1-23.

34. Plaintiff, STEFANIE BERGMANN, is entitled to be paid at least the Florida Minimum Wage rate for each hour/week worked during her employment with Defendants.

35. Specifically, Plaintiff, STEFANIE BERGMANN, was not paid the proper minimum wage, as required by the Florida Minimum Wage Act.

36. Defendants willfully failed to pay the Plaintiff, STEFANIE BERGMANN, minimum wages for one or more weeks during her employment contrary to the Florida Minimum Wage Act.

37. Plaintiff, STEFANIE BERGMANN, has complied with all statutory prerequisites to bringing this claim pursuant to the Florida Minimum Wage Act, including by providing proper statutory notice prior to asserting this claim.

38. More than 15 days have elapsed since Plaintiff's service of the notice and no compensation was paid to Plaintiff STEFANIE BERGMANN.

39. As a direct and proximate result of Defendants' deliberate underpayment, and

non-payment, of wages, Plaintiff, STEFANIE BERGMANN, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

40. Plaintiff, STEFANIE BERGMANN, is entitled to an award of damages in an amount equal to the applicable Florida Minimum Wage, an equal amount as liquidated damages, costs incurred and attorney's fees and other relief pursuant to the Florida Minimum Wage Act.

WHEREFORE, Plaintiff, STEFANIE BERGMANN, demands judgment against the Defendants, jointly and severally, for the following:

a. Unpaid Florida Minimum Wages found to be due and owing;

b. An additional amount equal to the minimum wages found to be due and owing as liquidated damages;

c. A reasonable attorney's fee and costs; and

d. Such other relief as the Court deems just and equitable.

## COUNT IV
### SARAH BROWN'S FEDERAL MINIMUM WAGE CLAIM AGAINST DEFENDANTS PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., AND DULCE TUNDIDOR

41. Plaintiff, SARAH BROWN, realleges and incorporates herein the allegations contained in paragraphs 1-23.

42. Plaintiff, SARAH BROWN, is entitled to be paid at a rate of at least the minimum wage for each hour worked in each work week.

43. The Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the

9

Plaintiff, SARAH BROWN, at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR.

44. As a result of the intentional, willful and unlawful acts of Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, Plaintiff, SARAH BROWN, has suffered damages plus incurring costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against the Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR jointly and severally, for the following:

    f. Unpaid minimum wages found to be due and owing;

    g. An additional amount equal to the minimum wages found to be due and owing as liquidated damages;

    h. Prejudgment interest in the event liquidated damages are not awarded;

    i. A reasonable attorney's fee and costs; and

    j. Such other relief as the Court deems just and equitable.

## COUNT V
### SARAH BROWN'S RECOVERY OF OVERTIME COMPENSATION
### RE: PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., AND DULCE TUNDIDOR

45. Plaintiff, SARAH BROWN, re-alleges and incorporates herein the allegations contained in paragraphs 1-23.

10

46. Plaintiff, SARAH BROWN, is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

47. By reason of the said intentional, willful and unlawful acts of Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, Plaintiff, SARAH BROWN, has suffered damages plus incurring costs and reasonable attorney's fees.

48. As a result of Defendants', PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, willful violations of the Act, Plaintiff, SARAH BROWN, is entitled to liquidated damages.

49. Plaintiff, SARAH BROWN, has retained the undersigned counsel to represent her in this action and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against the Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, jointly and severally, for the following:

   e. Unpaid overtime wages found to be due and owing;

   f. An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

   g. A reasonable attorney's fee and costs; and

   h. Such other relief as the Court deems just and equitable.

## COUNT VI
## <u>VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT RE: SARAH BROWN VERSUS PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR</u>

50.  Plaintiff, SARAH BROWN, re-alleges and incorporates herein the allegations contained in paragraphs 1-23.

51.  Plaintiff, SARAH BROWN, is entitled to be paid at least the Florida Minimum Wage rate for each hour/week worked during her employment with Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR .

52.  Specifically, Plaintiff, SARAH BROWN, was not paid the proper minimum wage, as required by the Florida Minimum Wage Act.

53.  Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, willfully failed to pay the Plaintiff, SARAH BROWN, minimum wages for one or more weeks during her employment contrary to the Florida Minimum Wage Act.

54.  Plaintiff, SARAH BROWN, has complied with all statutory prerequisites to bringing this claim pursuant to the Florida Minimum Wage Act, including by providing proper statutory notice prior to asserting this claim.

55.  More than 15 days have elapsed since Plaintiff's service of the notice and no compensation was paid to Plaintiff SARAH BROWN.

56.  As a direct and proximate result of Defendants', PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, deliberate underpayment, and non-payment, of wages, Plaintiff,

SARAH BROWN, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR.

57. Plaintiff, SARAH BROWN, is entitled to an award of damages in an amount equal to the applicable Florida Minimum Wage, an equal amount as liquidated damages, costs incurred and attorney's fees and other relief pursuant to the Florida Minimum Wage Act.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against the Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, JAMES TUNDIDOR, JR., and DULCE TUNDIDOR, jointly and severally, for the following:

- e. Unpaid Florida Minimum Wages found to be due and owing;
- f. An additional amount equal to the minimum wages found to be due and owing as liquidated damages;
- g. A reasonable attorney's fee and costs; and
- h. Such other relief as the Court deems just and equitable.

### **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable.

**Dated: October 10, 2019**

Respectfully Submitted,

**LAW OFFICES OF BRANDON L. CHASE, P.A.**
2800 Ponce de Leon Blvd., Suite 1100
Coral Gables, Florida 33134
Telephone:	(305) 677-2228
Facsimile:	(305) 677-3232

By:	_____/s/ Brandon L. Chase_____
	Brandon L. Chase, Esq., Florida Bar No. 90961
	E-mail:	bchase@cruiselawmiami.com
		aarita@cruiselawmiami.com
		eservice@cruiselawmiami.com

**LAW OFFICES OF DAVID J. GILLIS, P.A.**
200 South Andrews Avenue
Suite 700
Fort Lauderdale, Florida 33301
Telephone:	(954) 507-5772
Facsimile:	(954) 208-0635

By: */s/ David J. Gillis*_____
David J. Gillis, Esq., Florida Bar No: 0068839
Email:	dgillis@justicesouthflorida.com

**APELLANIZ LAW, P.A.**
1700 E. Las Olas Blvd.
Suite 207
Fort Lauderdale, Florida 33301
Telephone:	(954) 533-2903
Facsimile:	(954) 533-2903

By: */s/ Hugo Apellaniz*____
Hugo Apellaniz, Esq., Florida Bar No. 006813
Email:	apellanizlaw@gmail.com